## WINERICH MOTOR SALES CO. et al. v. OCHOA.

### No. 9015.

Court of Civil Appeals of Texas. San Antonio.

Oct. 21, 1936.

Rehearing Denied Nov. 25, 1936.

Eskridge & Groce, of San Antonio, and Gibson & Blackshear, of Laredo, for appellants.

Ed A. Mullally and Hicks, Dickson & Lange, all of Laredo, for appellee.

MURRAY, Justice.

This is the second submission of this cause in this court. On the first submission this court, in an opinion written by our late lamented Chief Justice FLY, held that Salinas was an independent contractor, and that therefore there could be no liability on the part of the Winerich Motor Sales Company.

A writ of error was granted, and the Supreme Court, speaking through Section B of the Commission of Appeals, reversed our judgment and decided all questions raised in favor of the injured party, Delia Ochoa, with the one exception of the excessiveness, vel non, of the verdict of the jury, and remanded the cause to this court with the following instruction: "The judgment of the Court of Civil Appeals is reversed, and the cause is remanded to that court for its disposition of the assignment of error as to the excessiveness of the verdict, with directions to affirm the judgment of the trial court if it finds that the verdict and judgment of that court are not excessive and to proceed in accordance with the provisions of article 1862, Revised Civil Statutes of 1925, authorizing the requiring of remittitur, if it finds that such judgment and verdict are excessive."

We, therefore, have but this one question before us for decision on this submission.

The facts in this case show that the injured party, a young girl about eight years of age, was run over by an automobile and her left leg crushed, causing a fracture of the femur (bone from hip to knee). It was set once, put in a plaster cast, and stretched. Eight days later it became necessary to reset the bone and place it in another plaster cast. Eight days after this, an operation became necessary. The leg was cut into and the ends of the bone wired together. Some eighteen months after the injury the bone had not yet knitted at the place of the fracture and the wound was still open and draining. The physician was unable to state with certainty how far in the future such condi-

**236**

tion would continue. We cannot say, in view of this evidence, that the verdict of the jury was excessive. There is no hard and fast rule for determining when a jury verdict is excessive. Each case must rest on its own peculiar facts. What has been decided in other cases is of but little help in passing upon another case with different facts and circumstances.

We conclude that the verdict of the jury, in the sum of $7,500, was not excessive, and accordingly the judgment will be affirmed.

BOBBITT, J., did not participate in the decision of this case.